IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOSEPH BERNARD COOPER | § | |
| VS. | § | CIVIL ACTION NO. 9:20-CV-202 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Joseph Bernard Cooper, a prisoner confined at the Jester III Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the state court's ruling on a petition for writ of mandamus and requests an order requiring the state court to order the release of allegedly exculpatory evidence.

The petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

In 2014, Petitioner was convicted of aggravated assault in the 258th Judicial District Court of Polk County, Texas, and he was sentenced to 75 years of imprisonment. The judgment was affirmed on appeal, and the Texas Court of Criminal Appeals refused discretionary review on February 10, 2016. Petitioner alleges he filed a motion for discovery of favorable evidence, which the trial court granted on October 22, 2018. Petitioner subsequently filed petitions for writ of mandamus in the Ninth Court of Appeals and the Texas Court of Criminal Appeals to compel the district clerk to produce the evidence. The petitions were denied.

The Petition

Petitioner contends that the state mandamus proceedings were inadequate to protect his constitutional rights because the state courts did not order the release of allegedly exculpatory evidence.

Analysis

Title 28 U.S.C. § 2254 authorizes the district court to entertain a petition for writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment if the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Federal courts will not review a state court's interpretation of its own state law in a federal habeas proceeding. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991). Nor do federal courts "sit as a super state supreme court in such a proceeding to review errors under state law." *Id.* (internal quotes omitted); *see also Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983) ("It is not our function as a federal appellate court in a habeas proceeding to review a state's interpretation of its own law."). Errors in state post-conviction proceedings do not present grounds for federal habeas because a challenge to those errors is not a challenge to the prisoner's detention. *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Hodge v. Director*, No. 6:21-CV-340, 2023 WL 3575658, at *2 (E.D. Tex. Mar. 9, 2023) (citing *Nichols v. State*, 64 F.3d 1255, 1275 (5th Cir. 1995). Thus, Petitioner is not entitled to habeas relief because his claims of deficiencies in the state court proceedings do not allege the violation of a constitutional right.

The petition could liberally construed as a petition for writ of mandamus because Petitioner is seeking the release of documents from the Polk County district clerk. Mandamus is a drastic remedy that should only be granted in extraordinary circumstances. *Cheney v. United States District*

*Court for the District of Columbia*, 542 U.S. 367, 380 (2004); *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998). To obtain mandamus relief, the petitioner must show that: (1) the petitioner has a clear and indisputable right to the relief; (2) the respondent clearly has failed to perform a nondiscretionary duty; and (3) there are no other adequate remedies. *Davis*, 150 F.3d at 487; *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1288 (5th Cir. 1997). If these conditions are met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances. *Cheney*, 542 U.S. at 381.

Petitioner has not met the standards for issuance of a writ of mandamus. Further, this court lacks the power to issue a writ of mandamus to direct a state court or judicial officer to perform their duties. *Moye v. DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). Therefore, the mandamus relief should be denied.

## Recommendation

This petition for writ of habeas corpus should be denied.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United*

*Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

  SIGNED this 4th day of January, 2024.

                  _____
                  Zack Hawthorn
                  United States Magistrate Judge